IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05360-PAB

GERMAN TRUJILLO VAZQUEZ,

Petitioner,

v.

WARDEN OF DENVER CONTRACT DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner German Trujillo Vazquez's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 15.

## I. BACKGROUND[1]

Petitioner is a native of Mexico. Docket No. 1 at 5. Petitioner entered the United States in 2013 and lives with his wife and children, who are United States citizens. *Id.* Petitioner owns a painting business and pays taxes. *Id.* Petitioner has a pending U visa application and, in connection with that application, United States Citizenship and Immigration Services ("USCIS") have granted him deferred action. *Id.* at 6. Under the terms of his deferred action, petitioner cannot be removed while his U visa application remains pending. *Id.* On September 30, 2026, petitioner was detained by Immigration and Customs Enforcement ("ICE"). *Id.*

[1] The following facts are undisputed unless otherwise noted.

On October 20, 2026, petitioner filed a petition for a writ of habeas corpus. *See generally id.* Petitioner argues that, because he has deferred action and cannot be removed from the United States, his detention violates his due process rights. *Id.* at 6. On November 17, 2026, respondents filed a response indicating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 15 at 1. Respondents assert that, if the Court grants the habeas petition, the appropriate relief would be to order petitioner's release from detention. *Id.* at 1-2.

## II. ANALYSIS

The Court considers petitioner's due process claim. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner has been granted deferred action. "When deferred action status is approved, that means no action will thereafter be taken to proceed against an apparently deportable alien, even on grounds normally regarded as aggravated." *A.T. v. Baltazar*, 838 F. Supp. 3d 1135, 1144 (D. Colo. 2026) (internal quotations and citations omitted). Thus, respondents have already determined

that, for the time being, petitioner may not be removed from the United States. Respondents do not explain why they are now detaining petitioner to effectuate his removal from the United States despite having previously granted him deferred action. *See generally* Docket No. 15. When respondents have provided no change in circumstances that alters a determination that respondents have already made, there is a risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, it is unclear what interest respondents have in detaining petitioner when it is unrefuted that petitioner is currently unable to be removed from the United States. "Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026) (citation omitted). "If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Id.* (quoting *Zadvydas v. Davis*, 553 U.S. 678, 690 (2001)). Respondents have not asserted their purported interest in detaining petitioner and it is unclear to the Court what such interest could be in light of the fact that petitioner has been granted deferred action. Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary. Thus, the Court will grant

the habeas petition on the basis of petitioner's due process claim.[2] Petitioner seeks his release from custody, Docket No. 1 at 10, and respondents agree that release is the appropriate remedy if the Court grants the habeas petition. Docket No. 15 at 2. Thus, the Court will order respondents to release petitioner from detention.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner German Trujillo Vazquez's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that the Motion for Appointment of Counsel [Docket No. 3] is **DENIED as moot**. It is further

**ORDERED** that the Motion to Expedite Review of My Habeas Corpus Petition and Request for Order to Show Cause [Docket No. 7] is **DENIED as moot**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[2] Petitioner has filed a motion for appointment of counsel, Docket No. 3, and a motion to expedite review of his habeas petition. Docket No. 7. Because the Court will grant the habeas petition and order petitioner's release, it will deny both motions as moot.